UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

TALLAHASSEE DIVISION

| | |
|---|---|
| APOLINAR MARTINEZ-MENDOZA, ) <br> ELISEO MORALES-CABALLERO, ) <br> FRANCISCO MIRANDA-ESQUIVEL, ) <br> FRANCISCO PEREZ-DELGADO, ) <br> JOSE LUIS DURAN-VEGA, ) <br> PAULO MARTINEZ-MORALES, ) <br> ROGELIO MORALES-MARTINEZ, ) <br> on behalf of themselves and all ) <br> others similarly situated, ) <br>  ) <br>  ) <br>         Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> CHAMPION INTERNATIONAL ) <br> CORPORATION, ) <br>  ) <br>         Defendant. ) | Case No. 4:00CV34WS <br><br><br> **COMPLAINT - CLASS ACTION** |

**BACKGROUND**

1.   This is an action brought by migrant agricultural
workers who were admitted to the United States to work under the
H-2B temporary foreign worker visa program, and who were employed
in various capacities in the forestry operations of Defendant
Champion International Corporation ("Champion") during the period
from January, 1996 through the date of filing of this Complaint.
The Plaintiffs seek redress on behalf of themselves and all
others similarly situated for Champion's violations of their

U.S. ... ... CT.
... ... FLA
... ...

...JAN 26  ... ...

- 1 -

rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801, et seq. ("AWPA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

2.   This is an action on behalf of a class of over 1,000 predominantly Mexican migrant workers who planted trees, cleared brush from existing tree stands, and performed other forestry-related activities for Defendant Champion.  The Plaintiffs and other class members are indigent migrant workers who came to the United States with special temporary H-2B visas in an effort to earn money to better support themselves and/or their families. Almost all of the Plaintiffs and other class members are monolingual Spanish speakers who had little, if any, understanding of their legal rights while working in the United States, particularly their legal right to receive a prevailing hourly wage while working as an H-2B forestry worker, as well as their right to receive overtime pay.  Defendant Champion is a publicly held corporation whose stock is traded on the New York Stock Exchange.  Champion is one of the largest companies in the United States, with a market capitalization at the time of the filing of this Complaint of 5.87 billion dollars.  Defendant Champion, through its contractors, took full advantage of the Plaintiffs' and other class members' indigence, inability to speak or understand English, and their lack of understanding of the laws of the United States regarding payment of wages, to grossly underpay the Plaintiffs and other class members.

3.   The Plaintiffs seek restitution of unpaid wages, an

award of money damages, declaratory relief, and injunctive relief
to make them whole for damages they suffered due to Champion's
violations of law, and to ensure that they and other H-2B workers
will not be subjected by Champion to such illegal conduct in the
future.

## JURISDICTION

4.    Jurisdiction is conferred upon this court by 28 U.S.C.
§ 1331, this case arising under the laws of the United States,
28 U.S.C. § 1337, this action arising under Acts of Congress
regulating commerce, 29 U.S.C. § 1854(a), this action arising
under the AWPA, and 29 U.S.C. § 216(b), this action arising under
the FLSA.

5.    The Court is empowered to issue a declaratory judgment
pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6.    Venue is proper in this district pursuant to 28 U.S.C.
§ 1391(c) and 29 U.S.C. § 1854(a).

## PARTIES

7.    At all times relevant to this action, Plaintiffs
APOLINAR MARTINEZ-MENDOZA, ELISEO MORALES-CABALLERO, FRANCISCO
MIRANDA-ESQUIVEL, FRANCISCO PEREZ-DELGADO, JOSE LUIS DURAN-VEGA,
PAULO MARTINEZ-MORALES, ROGELIO MORALES-MARTINEZ, and the other

class members were H-2B temporary foreign workers within the meaning of 8 U.S.C. § 1101(a)(15)(H)(ii)(b).  At all times relevant to this action, the Plaintiffs and the other class members were migrant agricultural workers within the meaning of 29 U.S.C. § 1802(8)(A) in that they were employed in agricultural employment of a seasonal nature and were required to be absent overnight from their permanent places of residence.

8.    Defendant CHAMPION INTERNATIONAL CORPORATION is a New York corporation that maintains its corporate headquarters in Stamford, Connecticut.  Champion also maintains offices in this District and owns, leases, and/or manages a significant amount of property, including timberlands, located within this District. At all times relevant to this action Champion was an agricultural employer within the meaning of 29 U.S.C. § 1802(2).

9.    At all times relevant to this action, the Plaintiffs and the other class members were engaged in agricultural employment within the meaning of 29 U.S.C. § 1802(3).

10.   At all times relevant to this action, Champion employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

11.   At all times relevant to this action, the Plaintiffs and the other class members were employed in the production of goods for sale in interstate commerce.

12.   At all times relevant to this action, the Plaintiffs and the other class members were employees of Champion within the meaning of 29 U.S.C. § 203(e)(1).

-4-

13.   At all times relevant to this action, Champion was an employer of the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 203(d).

## CLASS ACTION ALLEGATIONS

14.   All claims set forth in Count I are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

15.   All claims set forth in Count II are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

16.   The named Plaintiffs seek to represent a class consisting of all those individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed by Champion in any capacity from January 1996 until the date of filing of the present action.

17.   The precise number of individuals in the class is known only to Champion.  The class is believed to include well over 1,000 individuals.  The class is comprised principally of indigent migrant farmworkers who maintain their residences in locations throughout Mexico and Central America.  The class members are not fluent in the English language.  The relatively small size of the individual claims, the geographical dispersion of the class, and the indigency of the class members makes the

maintenance of separate actions by each class member economically infeasible.  Joinder of all class members is impracticable.

18.  There are questions of fact common to the class.  With respect to the claims set forth in Count I, these common questions include whether Champion failed to pay the named Plaintiffs and other class members prevailing and overtime wages promptly when due, as required by law and their employment contracts.  With respect to the claims set forth in Count II, these common questions include whether Champion failed to maintain complete and accurate records regarding the class members' work, and whether Champion failed to provide the class members with complete and accurate wage statements.

19.  There are questions of law common to the class.  With respect to the claims set forth in both Count I and Count II, these common legal questions include whether Champion employed the Plaintiffs and the other class members within the meaning of the AWPA.

20.  With respect to the claims set forth in Count I, additional questions of law common to the class include whether the failure of Champion to pay the class members the prevailing wage and overtime pay as required by the H-2B temporary foreign labor program violated the AWPA's wage payment and working arrangement provisions.

21.  With respect to the claims set forth in Count II, additional questions of law common to the class include whether Champion's failure to maintain complete and accurate records

-6-

regarding the work of the class members, and whether Champion's failure to provide the class members with complete and accurate wage statements, was a violation of AWPA.

22.   The claims of the named Plaintiffs are typical of the class, and these typical, common claims predominate over any questions affecting only individual class members.  The named Plaintiffs have the same interests as do the other members of the class and will vigorously prosecute these interests on behalf of the class.

23.   Counsel for the Plaintiffs are experienced in litigation under the AWPA and have handled numerous class actions in the federal courts.  The Plaintiffs' counsel are prepared to advance litigation costs necessary to vigorously litigate this action.

24.   By failing to pay the class members their proper wages promptly when due, and by violating their working arrangement with the class members, Champion has acted or failed to act in a manner generally applicable to the class, thereby making appropriate final injunctive relief and declaratory relief with respect to the class as a whole.  The Plaintiffs therefore seek class certification under Federal Rule of Civil Procedure 23(b)(2) with respect to the claims set forth in Count I.

25.   In the alternative, the Plaintiffs seek class certification under Federal Rule of Civil Procedure 23(b)(3) with respect to the claims set forth in Count I.

26.   The Plaintiffs seek class certification under Federal

Rule of Civil Procedure 23(b)(3) with respect to the claims set forth in Count II.

27.   A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy, <u>inter alia</u>:

a.   The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

b.   Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c.   There has been no litigation already commenced against Champion by the members of the class to determine the questions presented;

d.   It is desirable that the claims be heard in this forum since Champion has significant contacts with this District, maintains offices in this District, and employed the Plaintiffs and other class members on timberlands located within this District; and

e.   A class action can be managed without undue difficulty since Champion has regularly committed the violations complained of herein, and is required to maintain detailed records concerning each member of the class.

<u>**COUNT I**</u>

**(MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)**

**(CLASS ACTION)**

28.  This count sets forth a claim by the Plaintiffs and the other members of the class for declaratory relief and injunctive relief, including the restitution of unpaid wages with respect to Champion's violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA").

29.  The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 27 above.

30.  At all times relevant to this action, Champion utilized various labor contractors to supply it with workers to perform manual labor related to its forestry operations.  This labor included the hand planting of seedlings as well as brush clearing or pre-commercial thinning of existing tree stands.  To fill the manpower requirements of their contracts with Champion, the labor contractors sought importation of foreign nationals to perform forestry work on a seasonal or temporary basis, in accordance with the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

31.  The Plaintiffs and the other members of the class were admitted to the United States to be employed as members of labor crews organized by the various labor contractors hired by Champion.  Each of the Plaintiffs and the other class members was issued a temporary visa, commonly referred to as an "H-2B visa,"

as authorized by 8 U.S.C. § 1101(a)(15)(H)(ii)(b), its attendant
regulations, 8 C.F.R. § 214.2(h)(6), 20 C.F.R. § 655.3, and
administrative letters and/or guidance.  The Plaintiffs and the
other class members were then furnished to Champion, which
employed these workers within the meaning of the AWPA, 29 U.S.C.
§ 1802(5).

    32.  As a condition of obtaining H-2B visas for the
Plaintiffs and the other class members, the labor contractors
utilized by Champion certified to the United States Department of
Labor that, _inter_ _alia_, the wage paid the Plaintiffs and other
class members would equal or exceed the applicable prevailing
wage, and that the job would not contravene Federal, State, or
local law, including applicable requirements of the H-2B program,
as set out in Department of Labor regulations and administrative
interpretations.

    33.  In accordance with their contracts with Champion,
the various farm labor contractors furnished the Plaintiffs and
the other class members to Champion for, _inter_ _alia_, the hand-
planting of seedlings and the brush clearing or pre-commercial
thinning of existing tree stands.

    34.  The activities of the labor contractors described in
paragraphs 30, 31, and 32 were undertaken by the labor
contractors in their capacity as Champion's hiring agents.  The
actions described in paragraphs 30, 31, and 32 were ratified by
Champion through its employment of the Plaintiffs and other class
members on the company's operations.

35.   The certifications described in paragraph 32
constituted a working arrangement between Champion and the other
class members within the meaning of the AWPA, 29 U.S.C. §
1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

36.   Champion failed to pay the Plaintiffs and the
other members of the class the proper prevailing wage for all the
work they performed, and failed to pay the Plaintiffs and the
other members of the class overtime wages for all compensable
time they were employed in excess of forty (40) hours in a given
workweek.

37.   The violation of the AWPA as set out in paragraph 36
resulted in part from Champion's failure to supplement the piece-
rate earnings of the Plaintiffs and the other class members so as
to raise their individual pay period wages to a rate equal to or
exceeding the prevailing and overtime wage.

38.   The violation of the AWPA as set out in paragraph 36
resulted in part from Champion's failure to reimburse the
Plaintiffs and the other members of the class for expenses they
incurred which were primarily for the benefit of Champion, as
well as Champion's unlawful withholdings and deductions from the
wages of the Plaintiffs and the other class members.

39.   By their actions as described in paragraphs 36, 37, and
38, Champion violated without justification their working
arrangement with the Plaintiffs and the other members of the
class, thereby violating the AWPA, 29 U.S.C. § 1822(c), and its
attendant regulations, 29 C.F.R. § 500.72.

40.   By their actions as described in paragraphs 36, 37, and 38, Champion failed to pay the Plaintiffs and other members of the class their wages promptly when due, thereby violating the AWPA, 29 U.S.C. § 1822(a), and its attendant regulations, 29 C.F.R. § 500.81.

41.   The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of Champion and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

42.   As a result of Champion's violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs and the other members of the class have suffered damages.

<u>COUNT II</u>

**(MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)**

43.   This count sets forth a claim by the Plaintiffs and the other members of the class for declaratory relief, injunctive relief, and damages with respect to Champion's violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA").

44.   The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42 above.

45.   Champion failed to make, keep, and preserve accurate and complete records regarding the Plaintiffs' and the other class members' employment, in violation of the AWPA, 29

-12-

U.S.C. § 1821(d)(1), and its attendant regulations, 29 C.F.R. § 500.80(a).

46. Champion failed to provide the Plaintiffs and the other class members complete and accurate itemized written statements for each pay period containing the required information, in violation of the AWPA, 29 U.S.C. § 1821(d)(2), and its attendant regulations, 29 C.F.R. § 500.80(d).

47. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of Champion and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

48. As a result of Champion's violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs and the other members of the class have suffered damages.

## COUNT III

### (FAIR LABOR STANDARDS ACT)

### (COLLECTIVE ACTION)

49. This count sets forth a claim for declaratory relief and damages by the Plaintiffs and other current or former H-2B temporary foreign workers employed by Champion who are similarly situated, for Champion's violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA").

-13-

50.  The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 12, and 30 through 38 above.

51.  At no time relevant to this action did Champion post in a conspicuous place a poster or other written statement advising the Plaintiffs and others similarly situated of their rights under the FLSA.  Such posting is required by regulations issued under the FLSA, 29 C.F.R. § 516.4.

52.  Pursuant to 29 U.S.C. § 216(b), Plaintiffs APOLINAR MARTINEZ-MENDOZA, ELISEO MORALES-CABALLERO, FRANCISCO MIRANDA-ESQUIVEL, FRANCISCO PEREZ-DELGADO, JOSE LUIS DURAN-VEGA, PAULO MARTINEZ-MORALES, and ROGELIO MORALES-MARTINEZ have consented in writing to be party plaintiffs in this FLSA action. Their written consents are attached to this complaint as Exhibits 1 through 7.

53.  Champion violated 29 U.S.C. § 206(a) by failing to pay each of the Plaintiffs and others similarly situated the applicable minimum wage for every compensable hour of labor they performed.

54.  Champion violated 29 U.S.C. § 207(a) by failing to pay the Plaintiffs and others similarly situated at an hourly rate equal to one and a half times the regular hourly rate at which they were employed for all compensable time they were employed in excess of forty (40) hours in each workweek.

55.  The violations of the FLSA as set out in paragraphs 53 and 54 resulted in part from Champion's failure to supplement the

-14-

piece-rate earnings of the Plaintiffs and others similarly situated so as to raise their individual pay period wages to a rate equal to or exceeding the minimum and overtime wage.

56.   The violations of the FLSA as set out in paragraphs 53 and 54 resulted in part from Champion's failure to reimburse the Plaintiffs and others similarly situated for expenses they incurred which were primarily for the benefit of Champion, as well as Champion's unlawful withholdings and deductions from the wages of the Plaintiffs and others similarly situated.

57.   Champion's failure to pay the Plaintiffs and others similarly situated the federally mandated hourly minimum wage and the federally mandated overtime wage rate for all time they were employed in excess of forty (40) in each workweek was a willful violation of the FLSA.

58.   As a consequence of Champion's violation of the FLSA, the Plaintiffs and others similarly situated are entitled to recover their unpaid minimum and overtime wages, plus an additional equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that this Court will enter an order:

a.   Certifying this case as a class action in accordance with Rule 23(b)(2) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count I;

-15-

b.    In the alternative, certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count I;

c.    Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count II;

d.    With respect to the claims set forth in Count III, permitting this case to proceed as a collective action, ordering Defendant Champion International Corporation to disclose the names and addresses of all those individuals who are similarly situated, and permitting the Plaintiffs to send notice of this action to all those similarly situated individuals;

e.    Declaring that Defendant Champion International Corporation intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations, as set forth in Counts I and II;

f.    Declaring that Defendant Champion International Corporation willfully violated the minimum wage and overtime provisions of the Fair Labor Standards Act, as set forth in Count III;

g.    Granting judgment in favor of the Plaintiffs and the class members and against Defendant Champion International Corporation on these Plaintiffs' and other class members' claims under the AWPA as set forth in Count I and granting restitution to each of the Plaintiffs and the class members in the amount of

-16-

the unpaid back wages lawfully due him;

h.   Granting judgment in favor of the Plaintiffs and the class members and against Defendant Champion International Corporation on these Plaintiffs' and the class members' claims under the AWPA as set forth in Count II and awarding each of these Plaintiffs and the other class members statutory damages of $500 for every violation of the AWPA and its attendant regulations set forth in that count;

i.   Granting judgment in favor of the Plaintiffs and all others similarly situated and against Defendant Champion International Corporation on their claims under the Fair Labor Standards Act as set forth in Count III and awarding each of these Plaintiffs and all other similarly situated individuals who opt-in to this action his unpaid minimum and overtime wages and an equal amount in liquidated damages;

j.   Permanently enjoining Defendant Champion International Corporation from further violations of the AWPA and its attendant regulations;

k.   Awarding the Plaintiffs the costs of this action;

l.   Awarding the Plaintiffs a reasonable attorney's fee with respect to their Fair Labor Standards Act claims;

m.   Awarding the Plaintiffs a reasonable attorney's fee under Fla. Stat. § 448.08 with respect to their claims set forth in Count I; and

n.   Granting such further relief as this Court deems just and equitable.

Respectfully submitted this 25TH day of January, 2000.

James M. Knoepp
Florida Bar Number 147151
Gregory S. Schell
Florida Bar Number 287199
Florida Legal Services, Inc.
Migrant Farmworker Justice Project
P.O. Box 2110
Belle Glade, Florida 33430
(561) 996-5266

Robert A. Williams
Florida Bar Number 207357
Florida Legal Services, Inc.
Migrant Farmworker Justice Project
2121 Delta Boulevard
Tallahassee, Florida 32303
(850) 385-7900

Mary C. Bauer
Virginia Bar Number 31388
Tim A. Freilich
Virginia Bar Number 44077
Alex R. Gulotta
Virginia Bar Number 37097
Virginia Justice Center
 for Farm and Immigrant Workers
P.O. Box 197
Charlottesville, Virginia 22902
(804) 977-0553

Attorneys for Plaintiffs

-18-

## CONSENTIMIENTO PARA ACCIÓN FLSA

Estoy de acuerdo y doy my consentimiento para ser un demandante en una demanda bajo las leyes del sueldo mínimo y horas extras (tiempo y medio) del Acto de Normas de Labor Justas con respeto mi trabajo que hice en los Estados Unidos con una visa H-2B. Una copia de esta consentimiento tendrá el mismo efecto como la original.

_Apolinar Martinez Mendoza_
Nombre del Demandante

_Apolinar. Martinez M._
Firma del Demandante

_16 de Noviembre 1999_
Fecha

## NOTICE OF CONSENT

I hereby agree and consent to be a party plaintiff in a lawsuit under the minimum wage and overtime provisions of the Fair Labor Standards Act with respect to the work I did while in the United States with an H-2B visa. A copy of this consent shall have the same effect as the original.

_____
Name of Plaintiff

_____
Signature of Plaintiff

_____
Date

EXHIBIT 1

## CONSENTIMIENTO PARA ACCIÓN FLSA

Estoy de acuerdo y doy my consentimiento para ser un demandante en una demanda bajo las leyes del sueldo mínimo y horas extras (tiempo y medio) del Acto de Normas de Labor Justas con respeto mi trabajo que hice en los Estados Unidos con una visa H-2B. Una copia de esta consentimiento tendrá el mismo efecto como la original.

*Eliseo Morales Caballero.*

Nombre del Demandante

*Elisto Morales C.*

Firma del Demandante

11 / 16 / 99

Fecha

## NOTICE OF CONSENT

I hereby agree and consent to be a party plaintiff in a lawsuit under the minimum wage and overtime provisions of the Fair Labor Standards Act with respect to the work I did while in the United States with an H-2B visa. A copy of this consent shall have the same effect as the original.

Name of Plaintiff

Signature of Plaintiff

Date

EXHIBIT 2

## CONSENTIMIENTO PARA ACCIÓN FLSA

Estoy de acuerdo y doy my consentimiento para ser un demandante en una demanda bajo las leyes del sueldo mínimo y horas extras (tiempo y medio) del Acto de Normas de Labor Justas con respeto mi trabajo que hice en los Estados Unidos con una visa H-2B.  Una copia de esta consentimiento tendrá el mismo efecto como la original.

_Francisco Miranda Esquivel_
Nombre del Demandante

_____
Firma del Demandante

_11 / 17 / 99_
Fecha

## NOTICE OF CONSENT

I hereby agree and consent to be a party plaintiff in a lawsuit under the minimum wage and overtime provisions of the Fair Labor Standards Act with respect to the work I did while in the United States with an H-2B visa.  A copy of this consent shall have the same effect as the original.

_____
Name of Plaintiff

_____
Signature of Plaintiff

_____
Date

EXHIBIT 3

CONSENTIMIENTO PARA ACCIÓN FLSA

Estoy de acuerdo y doy my consentimiento para ser un demandante en una demanda bajo las leyes del sueldo mínimo y horas extras (tiempo y medio) del Acto de Normas de Labor Justas con respeto mi trabajo que hice en los Estados Unidos con una visa H-2B. Una copia de esta consentimiento tendrá el mismo efecto como la original.

_FRANCISCO PEREZ DELGADO_
Nombre del Demandante

_Francisco Pérz D_
Firma del Demandante

_18 DE NOVIEMBRE 1999_
Fecha

NOTICE OF CONSENT

I hereby agree and consent to be a party plaintiff in a lawsuit under the minimum wage and overtime provisions of the Fair Labor Standards Act with respect to the work I did while in the United States with an H-2B visa. A copy of this consent shall have the same effect as the original.

_____
Name of Plaintiff

_____
Signature of Plaintiff

_____
Date

EXHIBIT 4

## CONSENTIMIENTO PARA ACCIÓN FLSA

Estoy de acuerdo y doy my consentimiento para ser un demandante en una demanda bajo las leyes del sueldo mínimo y horas extras (tiempo y medio) del Acto de Normas de Labor Justas con respeto mi trabajo que hice en los Estados Unidos con una visa H-2B. Una copia de esta consentimiento tendrá el mismo efecto como la original.

Jose Luis Durán Vega 14
Nombre del Demandante

_____
Firma del Demandante

14 Novien bre de 1999
Fecha

## NOTICE OF CONSENT

I hereby agree and consent to be a party plaintiff in a lawsuit under the minimum wage and overtime provisions of the Fair Labor Standards Act with respect to the work I did while in the United States with an H-2B visa. A copy of this consent shall have the same effect as the original.

_____
Name of Plaintiff

_____
Signature of Plaintiff

_____
Date

EXHIBIT 5

## CONSENTIMIENTO PARA ACCIÓN FLSA

Estoy de acuerdo y doy my consentimiento para ser un demandante en una demanda bajo las leyes del sueldo mínimo y horas extras (tiempo y medio) del Acto de Normas de Labor Justas con respeto mi trabajo que hice en los Estados Unidos con una visa H-2B. Una copia de esta consentimiento tendrá el mismo efecto como la original.

_Paulo Martinez Mardles_
Nombre del Demandante

_X Paulo Morales_
Firma del Demandante

_11 / 16 / 99_
Fecha

## NOTICE OF CONSENT

I hereby agree and consent to be a party plaintiff in a lawsuit under the minimum wage and overtime provisions of the Fair Labor Standards Act with respect to the work I did while in the United States with an H-2B visa. A copy of this consent shall have the same effect as the original.

_____
Name of Plaintiff

_____
Signature of Plaintiff

_____
Date

EXHIBIT 6

## CONSENTIMIENTO PARA ACCIÓN FLSA

Estoy de acuerdo y doy my consentimiento para ser un demandante en una demanda bajo las leyes del sueldo mínimo y horas extras (tiempo y medio) del Acto de Normas de Labor Justas con respeto mi trabajo que hice en los Estados Unidos con una visa H-2B. Una copia de esta consentimiento tendrá el mismo efecto como la original.

_Rogelio Morales Martinez_
Nombre del Demandante

_x Rogelio Morales_
Firma del Demandante

_11/16/99_
Fecha

## NOTICE OF CONSENT

I hereby agree and consent to be a party plaintiff in a lawsuit under the minimum wage and overtime provisions of the Fair Labor Standards Act with respect to the work I did while in the United States with an H-2B visa. A copy of this consent shall have the same effect as the original.

_____
Name of Plaintiff

_____
Signature of Plaintiff

_____
Date

EXHIBIT 7